UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GURMERCINDO BELTRAN,

    Petitioner,

v.                               Case No:  2:13-CV-391-FTM-29DNF
                                    Case No:  2:08-CR-88-FTM-29DNF

UNITED STATES OF AMERICA,

    Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's *pro se* Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #144)[1] and Memorandum of Law (Cv. Doc. #2). The government filed a Response in Opposition to Motion (Cv. Doc. #8), to which petitioner filed a Reply (Cv. Doc. #11). For the reasons set forth below, the motion is denied.

**I.    Procedural History**

On June 4, 2008, a Federal Grand Jury in Fort Myers, Florida, returned a three count Indictment against Gurmercindo Beltran (petitioner or Beltran) charging him with two counts of possession

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

with intent to distribute a detectable amount of cocaine base, and one count of possession with intent to distribute a detectable amount of cocaine. (Cr. Doc. #1.)  A jury returned verdicts of guilty on all counts on November 19, 2008. (Cr. Doc. #62.) On February 17, 2009, the Court sentenced petitioner to concurrent terms of 180 months imprisonment as a career offender, followed by concurrent three-year terms of supervised release. (Cr. Doc. #69.)

Petitioner filed a direct appeal (Cr. Doc #70) of his convictions and sentences, alleging the trial court erred by: (1) denying his motion to suppress evidence and statements; (2) failing to order a directed verdict on all counts; (3) failing to sever Count Three from the other two counts; and (4) enhancing his sentence as a Career Criminal based on the non-qualifying predicate offense of resisting an officer with violence.  The Eleventh Circuit Court of Appeals affirmed petitioner's convictions and sentences.  United States v. Beltran, 367 F. App'x 984 (11th Cir. 2010); (Cr. Doc. #92.)

Petitioner filed a petition for certiorari with the United States Supreme Court.  The Supreme Court granted certiorari, vacated the judgment, and remanded to the Eleventh Circuit for further consideration in light of Johnson v. United States, 559 U.S. 133 (2011).  Beltran v. United States, 131 S. Ct. 899 (2011). The Eleventh Circuit then remanded the case to the district court to consider the enhancement anew in light of Johnson.  United

2

States v. Beltran, 444 F. App'x 398 (11th Cir. 2011).

On remand, the district court found that petitioner had two other convictions which qualified as career offender predicate offenses, and re-imposed the same sentence. (Cr. Doc. #126.) Petitioner filed a direct appeal of the amended judgment (Cr. Doc. #127), and on September 12, 2012, the Eleventh Circuit granted summary affirmance (Cr. Doc. #143).  The Supreme Court denied certiorari.  Beltran v. United States, 133 S. Ct. 1293 (2013).

Petitioner now alleges in his § 2255 petition that he received ineffective assistance because his trial counsel failed to (1) challenge the impartiality of the grand jury proceeding; and (2) investigate and discover perjured testimony before the grand and petit juries. (Cv. Doc. #2.)  The Court, after careful review, finds no basis for relief.

**II.  Evidentiary Hearing**

A district court shall hold an evidentiary hearing on a habeas petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b).  "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim."  Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (internal quotation marks and citation omitted).  See also Hernandez v. United States, 778 F.3d 1230, 1232 (11th Cir. 2015).

3

However, a "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." Aron, 291 F.3d at 715; see also Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008); Winthrop-Redin v. United States, 767 F.3d 1210 (11th Cir. 2014). The record in this case, when viewed in the light most favorable to petitioner, establishes that petitioner received effective assistance of counsel. Therefore, the Court finds that an evidentiary hearing is not warranted.

**III. Ineffective Assistance of Counsel Claims**

    **A. General Principles:**

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. Hinton v. Alabama, 134 S. Ct. 1081, 1087-88 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Kentucky, 559 U.S. 356, 366 (2010)).

The proper measure of attorney performance is simply reasonableness under prevailing professional norms considering all

4

the circumstances. Hinton, 134 S. Ct. at 1088 (citations omitted). A court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . ." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690) (internal quotation marks omitted). This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Rose v. McNeil, 634 F.3d 1224, 1241 (11th Cir. 2011); Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue. United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992); Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989).

To establish prejudice under Strickland, petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding." Marquard v. Sec'y for the Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation marks omitted). Rather, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Hinton, 134 S. Ct. at 1087-88. "A reasonable probability is a

probability sufficient to undermine confidence in the outcome." Hinton, 134 S. Ct. at 1089 (quoting Strickland, 466 U.S. at 694) (internal quotation marks and citations omitted).

### B. Failure to Challenge Impartiality of Grand Juror

The record establishes that a grand jury witness was asked how exactly the drug detection dog alerted in this case. The witnesses stated: "The K-9 are trained – I am not a K-9 handler so I can't say exactly how their training is. The way I understand from our K-9 handlers is if they show a reaction – some dogs assert by either sitting down and refusing to move or some dogs will start actually clawing at the doors of the vehicle. I was not there present so I can't really say how that dog reacts, sir." (Cv. Doc. #2-1.) A grand juror then stated "I've trained dogs for many years. Each dog has its own signal when it reacts, specific to that dog." (Id.)

Petitioner claims that this statement by the grand juror is evidence of the grand juror's predisposition to believe the testimony offered regarding the use of K-9 dogs to detect narcotics, resulting in the failure to provide an impartial grand jury proceeding. Petitioner alleges that trial counsel, upon receiving the grand jury transcript, had the obligation to seek a hearing to question the grand juror about his statements in order to uncover any preconceptions. (Cv. Doc. #2.) The failure of his

attorney to do so, petitioner argues, constitutes ineffective assistance of counsel. The Court disagrees.

In the federal criminal justice system, a grand jury serves two important functions. "The grand jury's historic functions survive to this day. Its responsibilities continue to include both the determination whether there is probable cause to believe a crime has been committed and the protection of citizens against unfounded criminal prosecutions." United States v. Calandra, 414 U.S. 338, 343 (1974). The grand jury is "accorded wide latitude to inquire into violations of criminal law." Id. A grand jury's investigation may consider tips, rumors, evidence proffered by the prosecutor, and the personal knowledge of the grand jurors. Calandra, 414 U.S. at 344 (citing Costello v. United States, 350 U.S.359, 362 (1956)).

There was simply no basis for a reasonable defense attorney to believe a challenge to the Indictment, the grand juror, or the grand jury proceedings was even arguably meritorious. The grand juror's comment conveyed no suggestion of bias, and added nothing beyond what the officer had testified. Even if this was not so, a grand jury can properly consider the "personal knowledge of the grand jurors." Calandra, 414 U.S. at 344. Furthermore, any alleged procedural errors committed during the grand jury proceeding are considered harmless in light of the trial jury's

7

subsequent verdicts.   United States v. Mechanik, 475 U.S. 66 (1986); Porter v. Wainwright, 805 F.2d 930 (11th Cir. 1986).

Petitioner's reliance on United States v. Maine Lobster Co., 160 F. Supp. 122, 123 (D. Me. 1957) is misplaced.  In Maine Lobster Co., the petitioner raised a challenge to the dismissal of a grand juror on the sole basis that the juror was employed in the industry being investigated by the grand jury.  The case said nothing about comments made by a grand juror.

Petitioner's assertion that the grand juror's statements deprived him of fair grand jury proceeding is without merit. Petitioner's trial counsel had no legitimate basis to challenge the grand jury proceedings, and was not ineffective for failing to raise a meritless issue.

### C. Failure to Investigate and Discover Officer Blake's Perjured Testimony

Petitioner's second argument is that Officer Blake falsely testified before the grand and petit juries that petitioner was read his rights under Miranda v. Arizona, 384 U.S. 436 (1966), and petitioner's trial counsel was constitutionally ineffective because he failed to challenge Officer Blake's testimony before the grand and petit juries. (Cv. Doc #11, p. 3.)  After careful review, the Court finds Petitioner's argument is without merit.

It is undisputed that petitioner was not read his Miranda warnings at the scene of his arrest during his questioning by

8

Deputy Partin on March 12, 2008.  In fact, a suppression hearing was held on September 8, 2008, (Cr. Doc. #30), and the Court excluded evidence of questions by Deputy Partin and answers by petitioner regarding the possession of a set of keys. (Cr. Doc. #46.)

While petitioner claims that Officer Blake testified before the grand and petit juries that petitioner was read his Miranda Warnings on March 12, 2008, the record establishes that Officer Blake testified he administered Miranda warnings on March 13, 2008, at the Collier County Sheriff's Office substation in North Naples. Officer Blake did not claim to have done so at the scene of the arrest. (Cr. Doc. #84, p. 257.)  As a result, there was no basis for trial counsel to challenge the accuracy of Officer Blake's testimony, and no ineffective assistance of counsel in failing to do so.

Accordingly, it is hereby:

**ORDERED and ADJUDGED:**

1. Petitioner's Motion under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #144) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

9

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __28th__ day of April, 2015.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
Counsel of record

10